# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAYNA L. JONES,

    Plaintiff,

v.                                                     Case No. 14-13709

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                        /

### OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTION; (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Jayna Jones appeals from Defendant Commissioner of Social Security's final decision denying her disability insurance benefits and supplemental security income under 42 U.S.C. § 405(g). Magistrate Judge David R. Grand issued a Report and Recommendation ("R&R") advising the court to grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. (Dkt. # 16.) Plaintiff timely filed an objection to the R&R (Dkt. # 20), to which Defendant responded (Dkt. # 22). After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objection and adopt the R&R

## I. STANDARD

### A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

In reviewing the ALJ's determination, Magistrate Judge Grand held that the ALJ erred when he found that Plaintiff's left-side carpal tunnel syndrome was not severe and that Plaintiff had no limitations as a result of this impairment. Nevertheless, Magistrate Judge Grand held that the error was harmless because, even if Plaintiff was correct that she could only occasionally use that extremity for work, the vocational expert's

testimony established that there were still jobs existing in a significant number in the national economy that Plaintiff could perform, thus barring a finding of disability. Plaintiff argues that the error was not harmless because the ALJ's determination that Plaintiff had no limitations as a result of his impairment affected the Step Five analysis and the judge found that Plaintiff was qualified for more jobs than she could actually perform. The court rejects this objection.

As Magistrate Judge Grand correctly noted, even assuming the limitations that Plaintiff argues the ALJ should have found, the "[vocational expert] testified that [Plaintiff] would still be capable of performing the job of surveillance system monitor, with 175,000 such jobs available in the national economy." (R&R at 10.) The Sixth Circuit has held that even where only one occupation is identified, this can satisfy the Commissioner's burden of proving the existence of a significant number of jobs at Step Five. *See Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009). Though the vocational expert testified that only one occupation would be available to Plaintiff, he also testified that the one occupation supplied 175,000 jobs in the national market. Given those facts, this court agrees with Magistrate Judge Grand that substantial evidence supports the ALJ's Step-Five conclusion.

Plaintiff primarily relies on an unreported case from another district court, holding that the single occupation identified in that case did not supply a significant number of jobs. (*See* Pl.'s Obj. at 3 (citing *Smathers v. Comm. Soc. Sec.*, No. 14-500, 2015 WL 401017 (S.D. Ohio Jan. 28, 2015).) *Smathers* however is distinguishable. In that case, the expert testified that the plaintiff was eligible to perform work only as a surveillance system monitor and that there were 16,500 such jobs nationally. Importantly, however,

the vocational expert cast significant doubt on this figure by stating that "these numbers are reduced by 50%" as a result of "the advent of Homeland Security" and plaintiff's limitations. *Id.* at *2. In this case, the expert forecasted a significantly higher number of positions available (175,000 as compared to 16,500) and did not indicate that his forecast should be reduced by a significant percentage like 50%. As such, this court agrees with Magistrate Judge Grand that, even if Plaintiff's arguments are correct, substantial evidence still supports the Commissioner's decision that Plaintiff is not disabled because there exist significant jobs in the national economy that Plaintiff can perform.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objection (Dkt. # 20) is OVERRULED and the Magistrate Judge's Report and Recommendation (Dkt. # 16) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. # 14) is GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. # 13) is DENIED.

  s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 5, 2016, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522